Kent C. Wilson, Esq. CSB#058652
One America Plaza
600 West Broadway, 7th Floor
San Diego, CA 92101
(619) 234-5929
(619) 923-2677 e-fax.

Attorney for Plaintiff
JESUS A. RAMOS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. RAMOS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHASE HOME FINANCE, NDEX WEST, LLC, UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, CITIMORTGAGE, INC., & DOES 1 through 10, <br><br><br> Defendants. | Case No. ED CV 09 - 01649 VAP (OPx) <br><br> COMPLAINT FOR DAMAGES, INJUNCTION, DELCARATORY & OTHER EQUITABLE RELIEF <br><br> 1. Intentional Misrepresentation <br> 2. Breach of Fiduciary Duty <br> 3. Breach of Covenant of Good Faith & Fair Dealing <br> 4. Declaratory Relief <br> 5. Quiet Title <br> 6. Equal Credit Opportunity Act <br> 7. Predatory Lending <br> 8. Negligence <br> 9. Usury <br> 10. Accounting <br> 11. Violations of TILA, HOEPA <br> 12. Violation of RESPA <br> 13. Violation of FCRA <br> 14. Slander of Title <br> 15. Violation of CC § 1632 <br> 16. Violation CA Bus & Prof Code §17200 <br> 17. Violation of CA Civ Code § 2923.6 <br> 18. Violation of CA Civ. Code § 2923.5 |

**DEMAND FOR JURY**

COMES NOW PLAINTIFF, JESUS A. RAMOS, an individual, who alleges damages and seeks equitable relief against the Defendants, and each of them, as follows:

1

**JURISDICTION & VENUE**

1.       Jurisdiction is conferred upon this court pursuant to Title 28, § 1331 as there is a federal question and the lawsuit is based on various federal statutes.  Plaintiff rely on federal statutes 15 U.S.C.A. § 1691 et seq., 15 U.S.C.A. § 1601 et seq., 12 U.S.C.A. § 2601 et seq., and 15 U.S.C.A. § 1681, et seq. on which to base their claims.  Venue is conferred as the property is located and all transactions took place and all parties reside within Riverside County, California, which is within the boundary of the United States District Court for the Central District of California.

**PRELIMINARY ALLEGATIONS**

2.       At all times relevant herein, Plaintiff, JESUS A. RAMOS, is the owner of a house in Riverside County whose address is 2246 Purple Finch Court, San Jacinto, CA 92582.

3.       At all times relevant herein, Plaintiff is informed and believes that Defendants, CHASE HOME FINANCE, NDEX WEST, LLC, UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, CITIMORTGAGE, INC. (hereinafter "Defendants") is or are a corporation doing business in Riverside County, California and/or the Trustee of that certain Deed of Trust listing Plaintiff as Borrower, which is the subject of this Complaint.

4.       At all times relevant herein, Plaintiff is informed and believes and thereon alleges that, DOES 1 through 10, inclusive, true names, identities and capacities, whether individual, corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will so amend the complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

5.       At all times relevant herein, Defendant is sued and was acting as principal, employer and/or the agent, servant and employee of said principal(s) or employer(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

2

COMPLAINT OF JESUS A. RAMOS
JESUS A. RAMOS v CHASE HOME FINANCE, et al.

**STATEMENT OF FACTS**

6.      On around September 13, 2006, Plaintiff purchased a house as a primary residence, which is located at 2246 Purple Finch Court, San Jacinto, California ("Property").

7.      Plaintiff financed the Property by obtaining financing from Defendant UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC.

8.      Defendants CHASE HOME FINANCE and CITIMORTGAGE, INC. are the current servicing companies of said loans.

9.      Plaintiff was required to state his income as part of the initial loan application process. Plaintiff stated his accurate yearly income. There was no request as to proof of said income and Defendants did not show Plaintiff what exact amounts were eventually stated in respect to their income in the loan application.

10.     Based on the foregoing and the ultimate loan received, Plaintiff' debt to income ratio ended up being well above the recommended industry standard of 35%. Based on the amounts the Defendants inserted in the loan application, Plaintiff was unable to qualify for his loan based on his actual income, though a loan was in-fact given by Defendants.

11.     During the loan application process, Defendants listed Plaintiff's income well in excess of what his 2004 and 2005 federal income taxes stated. Defendants reviewed the tax returns and were aware of the income, though they chose to approve the loan as Stated Income, in order to use an inflated income on the application.

12.     Further, during the course of the loan application, the Notice of Right to Cancel in the closing packet failed to state a transaction date or the expiration date of rescission period. Plaintiff also failed to receive two copies of the Notice of Right to Cancel.

13.     Any and all documents Plaintiff received also failed to include initial disclosure and final disclosures, which include RESPA, TILA, ECOA and FCRA disclosures.

14.     In the loan documents, the actual finance charge is well above the disclosed finance charge, and the actual annual percentage rate (APR) is well above the disclosed APR.

15.     Based on the foregoing facts, Plaintiff began having difficulty paying his mortgage.

16.     Neither thirty (30) days before nor ninety (90) days after the Notice of Default did the Defendants attempt a loan modification "work out" plan, though Plaintiff was ready and willing to partake in such a plan.

17.     Plaintiff then received notice from Defendant NDEX WEST, LLC that his home would be sold at public auction on September 8, 2009.

18.     Plaintiff is concerned that he will eventually face an unlawful detainer action, and ultimately be forced out of his home, though numerous state and federal violations took place in respect to the handling of his loan.

## FIRST CLAIM FOR RELIEF
### (Intentional Misrepresentation)

COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

19.     Plaintiff repeats and repleads paragraphs 1 through 18 and incorporates the allegations by reference as though fully set-forth herein.

20.     Plaintiff financed his primary residence in Riverside County, California, located at 2246 Purple Finch Court, San Jacinto, CA 92582.

21.     Plaintiff utilized the services of Defendant UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC to obtain a loan for the purchase of the property, and executed and delivered to Defendants a promissory note on or about September 13, 2006.

22.     During the course of the loan negotiation and completion of the loan application, Defendants asked Plaintiff to state his income, without requesting or requiring documents to prove such statements.

23.     Plaintiff provided his 2004 and 2005 income tax returns which clearly demonstrated his income from years prior, but Defendants ignored said documents.

24.     Defendants completed the loan application for Plaintiff and inserted an inflated income for the Plaintiff, without disclosing said change to them.

25.     Based on the inflated income, Plaintiff was able to obtain a loan, though Defendants were clearly aware that such loan could not be afforded by Plaintiff.

26.     Further, during the loan application process, Defendants failed to inform Plaintiff of his rights to rescind, along with failing to disclose numerous federal safeguards in the application process.

27.     Defendants additionally misstated the APR and finance charge, as well as leaving portions of the Notice of Right to Cancel blank.

28.     Plaintiff is informed and believes and thereon alleges that as a legal result of the misrepresentation of Defendants, Plaintiff has suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

29.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights.   Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Fiduciary Duty against Defendants, allege as follows:

30.     Plaintiff repeats and repleads paragraphs 1 through 29 and incorporates the allegations by reference therein as though set forth below.

31.     As described hereinabove, Defendants intentionally inflated Plaintiff's income and failed to provide all relevant and material disclosures, causing Plaintiff to be unable to pay his mortgage and ultimately be in the position of being evicted from their home.

32.     By engaging in the conduct hereto described, Defendants breached their fiduciary duty to Plaintiff, by acting dishonestly and failing to disclose material terms that would alter Plaintiff's loan repayment.

33.     Plaintiff is informed and believes and thereon alleges that as a legal result of this Defendant's conduct, Plaintiff has suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

34.     Plaintiff is informed and believes that as a further legal result of this Defendant's conduct, Plaintiff has suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

35.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### THIRD CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Covenant of Good Faith and Fair Dealing against Defendants, allege as follows:

36.     Plaintiff repeats and repleads paragraphs 1 through 35 and incorporates the allegations by reference therein as though set forth below.

37.     At all pertinent times, the agreements entered into between Plaintiff and Defendants contained an implicit covenant of good faith and fair dealing requiring defendants to act honestly and in good faith in the performance and enforcement of the contract(s).

38.     The conduct of Defendant in purposefully overstating Plaintiff's income and failing to disclose material information in the loan application process, constitutes a breach of the covenant of good faith and fair dealing.

6

39.     Plaintiff is informed and believes and thereon alleges that as a legal result of this Defendant's conduct, Plaintiff has suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

40.     Plaintiff is informed and believes that as a further legal result of this Defendant's conduct, Plaintiff has suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

41.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Declaratory Relief against Defendants, allege as follows:

42.     Plaintiff repeats and repleads paragraphs 1 through 41 and incorporates the allegations by reference therein as though set forth below.

43.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties pertaining to the subject property and the described transactions.  Defendants contend that a breach of the obligation secured by the deed of trust has occurred in that Plaintiff failed to make its monthly mortgage payments and thus through the foreclosure process were able to sell the property.  Plaintiff contends that he is able to retain possessory rights to the property based on the intentional misstatement of income and lack of disclosure of material information in the loan application process.

44.     Plaintiff desires a judicial determination and declaration of the rights of the parties. Such a determination is appropriate at this time so that Plaintiff may determine his rights and duties.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTH CLAIM FOR RELIEF

### (Quiet Title)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Quiet Title against Defendants, allege as follows:

45.    Plaintiff repeats and repleads paragraphs 1 through 44 and incorporates the allegations by reference therein as though set forth below.

46.    Plaintiff is the owner in fee of title to property commonly known as 2246 Purple Finch Court, San Jacinto, CA 92582.  The basis of Plaintiff's title is a grant deed to the property.  The Legal Description of said property is as follows:   APN: 431-542-013-7; PARCEL 1: LOT 80 OF TRACT NO. 30462-1, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 360, PAGES 49 THROUGH 53, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.  PARCEL 2: EASEMENTS AND RIGHTS OF OWNERS AS SET FORTH IN THAT DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR MEADOWBROOK, RECORDED ON AUGUST 6, 2004, AS INSTRUMENT NO. 2004-061670 IN TH OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, AND ANY AMENDMENTS THERETO. ("DECLARATION").  RESERVING UNTO GRANTOR, ITS SUCCESSORS AND SSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME, EXCEPT AS GRANTED HEREBY, EASEMENTS AND RIGHTS AS RESERVED TO GRANTOR AS DECLARANT AND OWNER IN THE DECLARATION. RESERVING UNTO GRANTOR, ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PARCEL OF PROPERTY HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID PROPERTY OR ANY OTHER PROPERTY, INCLUDING THE RIGHT OF

WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTIES OTHER THAN
THOSE HEREINUNDER DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO,
THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY HEREINAFTER DESCRIBED,
AND TO BOTTOM OF SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS,
TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS
THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN, AND
OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL,
MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET
OF THE SUBSURFACE OF THE PROPERTY HEREINABOVE DESCRIBED.  SUBJECT TO: 1.
CURRENT TAXES AND ASSESSMENTS.  2.  THE DECLARATION AND ANY AMENDMENTS
THERETO, AND THE COVENANTS, CONDITIONS, RESTRICTIONS, RIGHTS, EASEMENTS,
RESERVATIONS, BENEFITS AND BURDENS THEREIN CONTAINED, EACH AND ALL OF
WHICH ARE COVENANTS RUNNING WITH THE LAND ESTABLISHED IN ACCORDANCE
WITH SECTION 1468 OF THE CALIFORNIA CIVIL CODE FOR THE BENEFIT OF AND
BINDING UPON THE PARTIES HERETO AND EACH SUCCESSIVE OWNER OF ALL OR ANY
PORTION OF THE LAND AFFECTED THEREBY AND ARE HEREBY EXPRESSLY
INCORPORATED HEREIN BY REFERENCE AS THOUGHT SET OUT HEREIN IN FULL.  3.
THE NOTICE OF BUILDER'S ELECTION FOR HANDLING OF CONSTRUCTION CLAIMS
PURSUANT TO CALIFORNIA CIVIL CODE SECTION 895 ET SEQ. RECORDED ON AUGUST 6,
2004, AS INSTRUMENT NO. 2004-0616972 IN THE OFFICE OF THE COUNTY RECORDER OF
RIVERSIDE COUNTY ("NOTICE OF ELECTION") AND THE RESTRICTIONS, RIGHTS,
BENEFITS AND BURDENS THEREIN CONTAINED, EACH AND ALL OF WHICH ARE
COVENANTS RUNNING WITH THE LAND ESTABLISHED IN ACCORDANCE WITH SECTION
1468 OF THE CALIFORNIA CIVIL CODE FOR THE BENFIT OF AND BINDING UPON THE
PARTIES HERETO AND EACH SUCCESSIVE OWNER OF ALL OR ANY PORTION OF THE
LAND AFFECTED THEREBY AND ARE HEREBY EXPRESSLY INCORPORATED HEREIN BY
REFERENCE AS THOUGH SET OUT HEREIN IN FULL.  4.  THE TERMS, PROVISIONS, AND
CONDITIONS CONTAINED IN THE CHARITABLE HOUSEING AGREEMENT IMPOSING

ENDOWMENT FEE ON TRANSFER (MEADOWBROOK), RECORDED ON AUGUST 6, 2004, AS INSTRUMENT NO. 2004-0616971 IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY ("CHARITABLE HOUSING AGREEMENT"). 5. ALL OTHER COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, RIGHTS, RIGHTS-OF-WAY AND EASEMENTS OF RECORD AS WELL AS ANY OF SUCH MATTERS THAT ARE APPARENT.

47.    Defendants claim and assert interests in the above-described real property which are adverse to Plaintiff. The claims of defendants are based on the deeds of trust.

48.    The deeds of trust are invalid and void as to Plaintiff's property because Plaintiff is entitled to offsets against the promissory notes that are secured by the deeds of trusts, and these offsets are greater in amount than the sum that would otherwise be due under the promissory notes, and/or Plaintiff is entitled to rescission of the promissory notes and deeds of trust such that Defendant's claim to the property is released.

49.    Plaintiff seeks to quiet title as of the date this complaint is filed.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## SIXTH CLAIM FOR RELIEF

### (Violation of Equal Credit Opportunity Act)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of Equal Credit Opportunity Act against Defendants, allege as follows:

50.    Plaintiff repeats and repleads paragraphs 1 through 49 and incorporates the allegations by reference therein as though set forth below.

51.    The term "adverse action" as defined in the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(6), means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the same terms requested. Such term does not include a refusal to extend the additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

10

52.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of making the mortgage to Plaintiff, Defendants discriminated against Plaintiff on the basis of race, color, religion, national origin, sex, marital status, age, receipt of public assistance or because Plaintiff have exercised any of his rights as detailed in the Equal Credit Opportunity Act, all in violation of 15 U.S.C. § 1691(a).

53.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of making the mortgage to Plaintiff, Defendants failed to, within 30 days of receipt of a completed application for credit, notify the Plaintiff of its action on the application in violation of 15 U.S.C. § 1691(d)(1).

54.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of making the mortgage to Plaintiff, Defendants failed to, after taking an adverse action on Plaintiff's request, provide a statement in writing of the reasons as to why an adverse action was taken  in violation of 15 U.S.C. § 1691(d)(2).

55.     As a result of Defendant's aforementioned violations, Plaintiff requests actual damages, plus reasonable attorney's fees and costs which were incurred, in addition to other relief Plaintiff may be entitled.

56.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, c old, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.


### **SEVENTH CLAIM FOR RELIEF**

### **(Violation of California Financial Code § 4970 et seq.)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of Predatory Lending laws against Defendants, allege as follows:

11

COMPLAINT OF JESUS A. RAMOS
JESUS A. RAMOS v CHASE HOME FINANCE, et al.

57.     Plaintiff repeats and repleads paragraphs 1 through 53 and incorporates the allegations by reference therein as though set forth below.

58.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants was in violation of California's predatory lending laws, as set forth in Financial Code §4970 et. seq.

59.     As the legal result thereof, Plaintiff is entitled to special damages and general damages, in an amount currently unknown but according to proof at the time of trial.

60.     Plaintiff, as the legal result of the actions of the Defendants alleged herein, is entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

61.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights.   Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## EIGHTH CLAIM FOR RELIEF

### (Negligence)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Negligence against Defendants, allege as follows:

62.     Plaintiff repeats and repleads paragraphs 1 through 61 and incorporates the allegations by reference therein as though set forth below.

63.     Defendants, as named herein, owed a duty of due care to the Plaintiff.   Such duty was reached by negligently placing Plaintiff in the above described loans.

64.     As the legal result of such breach, Plaintiff has suffered both monetary and non monetary damages.

65.     As the legal result thereof, Plaintiff is entitled to special damages and general damages, in an amount currently unknown but according to proof at trial.

66.     Plaintiff, as the legal result of the actions of the Defendants alleged herein, is entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## NINTH CLAIM FOR RELIEF

### (Usury)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Usury against Defendants, allege as follows:

67.     Plaintiff repeats and repleads paragraphs 1 through 66 and incorporates the allegations by reference therein as though set forth below.

68.     As the result of the loans being in violation of California and Federal lending practices violation for predatory lending as alleged above and herein below, such loans are void and the annual interest rate on the loan is usurious in violation of section 1(1) of article XV of the California Constitution, which provides that the interest rate on a loan primarily for personal, family, or household purposes may not exceed 10% per annum, or in violation of section 1(2) of article XV of the California Constitution, which provides that the interest rate on a loan other than one primarily for personal, family, or household purposes may not exceed the greater of 10% per annum or 5% per annum plus the rate established by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month preceding the earlier of the date of execution of the contract to make the loan or forbearance, or the date of making the loan or forbearance.

69.     Within 2 years preceding the bringing of this action, Plaintiff made payments to defendant on Notes for each loan,

70.     An actual controversy presently exists between the parties as to whether the loan is usurious and as to the amount of principal due on the loan, in that Plaintiff contends as alleged above that the loan is usurious and that all the interest paid on the loan to date and in the future should be credited to the principal, that under Civil Code § 1916-3, subd. (a) interest paid within the year preceding the filing of this action should be trebled and credited to principal, and that defendant is

barred from accelerating or enforcing Plaintiff's obligation for any breach in payment of interest, while defendant contends the opposite.

71.     Plaintiff desires a judicial determination of whether the loan is usurious and as to the principal amount due, if any, on the loan as of the date of trial; otherwise, Plaintiff will be required to pay the loan in full and then sue for money had and received and, if defendant seeks to accelerate or enforce the loan for Plaintiff's default in paying interest, Plaintiff will be compelled to bring an action to enjoin such acts.

72.     A judicial declaration is necessary and appropriate at the present time under all the circumstances so that Plaintiff may ascertain his rights and duties as to payment of the loan from defendant.

73.     Plaintiff is entitled to recover attorney's fees incurred in bringing and pursuing this action against defendant under the provisions of the loan agreement with defendant.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## TENTH CLAIM FOR RELIEF

### (Accounting)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Accounting against Defendants, allege as follows:

74.     Plaintiff repeats and repleads paragraphs 1 through 73 and incorporates the allegations by reference therein as though set forth below.

75.     The amount of money due, if any, from Plaintiff to Defendants is unknown to Plaintiff and cannot be determined without an accounting.

## ELEVENTH CLAIM FOR RELIEF
### (Violations of TILA and HOEPA)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of TILA and HOEPA against Defendants, allege as follows:

76.     Plaintiff repeats and repleads paragraphs 1 through 75 and incorporates the allegations by reference therein as though set forth below.

77.     Plaintiff is informed and believe, and thereon allege, that Defendants, in concert with its agents, have engaged in acts or practices in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, including, but not limited to, the Home Ownership and Equity Protection act of 1994 ("HOEPA"), as amended, and TILA's implementing Regulation Z, 12 C.F.R. §226, as amended.

78.     The terms "amount finance," "annual percentage rate," "closed-end credit," "consumer," "consumer credit," "consummation," "credit," "creditor," "dwelling," "finance charge," "mortgage," "open-end credit," "payment schedule," "points and fees," "residential mortgage transaction," "reverse mortgage transaction," "security interest," and "total of payments" are defined as set forth in Sections 103 and 128 of TILA, 15 U.S.C. §§ 1602 and 1638, and Sections 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33 of Regulation Z, 12 C.F.C. §§ 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33.

79.     The term "HOEPA" means Home Ownership and Equity Protection Act of 1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32. HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated prohibiting the use of certain loan terms, and barring specified practices.

80.     The term "HOEPA mortgage loan" means a consumer credit transaction consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling, other than certain designated exceptions, in which: (1) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or before loan closing will exceed the greater of